UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEITH WROMAS, JR.,

      Plaintiff,

v.                              Case No: 2:17-cv-155-FtM-99MRM

WILLIAM E. CRUZ, FNU MATTOX,
Sergeant, and P. MURPHY,
Warden,

      Defendants.

_____

## ORDER

This matter comes before the Court on Defendant's Patrick Murphy's Dispositive Motion to Dismiss with Prejudice (Doc. #53) filed on December 12, 2017. Plaintiff filed his response in opposition (Doc. #55) on December 18, 2017. For the reasons set forth below the motion to dismiss is due to be granted.

## I.

Plaintiff, an inmate at the Century Correctional Institution, in Century, Florida, initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants W. Cruz, Sergeant Mattox, Sergeant Stuber, and Officer Lopez (Doc. #1), filed March 20, 2017. The Court ordered Plaintiff to amend his complaint on June 13, 2017. (Doc. #10). Plaintiff filed his amended complaint (Doc. #15) on July 26, 2017, against Defendants W. Cruz and Sergeant Mattox. Plaintiff filed his second amended

complaint (Doc. #38) on October 2, 2017, against Defendants W. Cruz, Sergeant Mattox, and Patrick Murphy, Warden of the DeSoto Correctional Institution.

Plaintiff alleges the following: On December 31, 2015, between five and six in the evening, Plaintiff was handcuffed near the south side chow hall at DeSoto Correctional Institution. (Doc. #38 at 7). As Defendant Cruz was escorting Plaintiff from the Southside dining hall, Defendant Cruz began to "pull aggressively" on Plaintiff's right arm. Id. Defendant Cruz, with Defendant Mattox in tow, escorted Plaintiff around the chow hall door, and pushed him up against a concrete wall. Id. Defendant Cruz pushed Plaintiff's face against the wall. Id. Plaintiff told Defendant Cruz "you just assaulted me," and Defendant Cruz said, "I'll show you assault." Id. Defendant Cruz picked Plaintiff up and slammed him onto his left shoulder. Id. He then put the entire weight of his knee in Plaintiff's back. Id. Plaintiff screamed out "I can't breathe." Id. Defendant Cruz remained there until someone told him that the captain was coming. At that time, Defendant Cruz got up and two unknown officers switched positions with Defendant Cruz and escorted him to medical. Id.

Defendant Mattox just stood by and watched the attack and did not attempt to intervene, correct, or even report the attack. Id. Defendant Maddox did not try to remove Defendant Cruz from Plaintiff's back. Id.

Plaintiff filed a grievance with Defendant Murphy explaining the use of excessive force. Id. at 8. Defendant Murphy ignored the grievance. Id. Plaintiff seeks payment of all future medical bills for mental and psychological damages, $25,000.00 in damages from each defendant, and $20,000.00 in punitive damages against Defendant Murphy.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v.

<u>Berzain</u>, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." <u>Chaparro v. Carnival Corp.</u>, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Iqbal</u>, 556 U.S. at 679.

### III.

Plaintiff alleges that as warden of the DeSoto Correctional Institution, Defendant Murphy is responsible for every employee who works under his administration. Plaintiff also claims Defendant Murphy failed to investigate his grievance regarding camera evidence of the incident.

"[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." <u>Barr v. Gee</u>, 437 F. App'x 865, 875 (11th Cir. 2011) (quoting <u>West v. Tillman</u>, 496 F.3d 1321, 1328 (11th Cir. 2007)). To maintain a claim against a supervisory defendant, the plaintiff must allege (1) the personal involvement of the supervisor in the violation of the plaintiff's

constitutional rights, (2) the existence of either a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts that support an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged constitutional deprivation that he then failed to correct. See West, 496 F.3d at 1328-29 (listing factors in context of summary judgment). A supervisor is not liable under § 1983 for mere negligence in the training or supervision of his employees. Greason v. Kemp, 891 F.2d 829, 836-37 (11th Cir. 1990).

Plaintiff's Amended Complaint is devoid of any set of facts that demonstrate that Defendant Murphy was personally involved in the alleged violation of Plaintiff's constitutional rights. Nor are there any facts that would suggest the existence of a custom, policy, or practice that resulted in the violation of Plaintiff's constitutional rights. There are also no allegations that Defendant Murphy personally directed the alleged acts by Cruz or Mattox. Finally, there is no allegation of a history of widespread abuse that put Defendant Murphy on notice of any alleged constitutional deprivations at the Desoto facility. Consequently, there is no constitutional violation against Defendant Murphy in his supervisory role.

To the extent Plaintiff brings a procedural due process claim asserting that his prison grievances were not handled properly by Defendant Murphy, Plaintiff fails to state a claim. See Seward v Source, 2:14-cv-356-FTM-29MRM, 2016 WL 3906822, *4 (M.D. Fla. July 19, 2016). The Eleventh Circuit Court of Appeals has held: "We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." Dunn v. Martin, 178 F. App'x 876, 878 (11th Cir. 2006); Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Simply put, a prison official's failure to timely process a grievance form, investigate it, or otherwise respond to a grievance is not actionable under § 1983. Therefore, Defendant Murphy's alleged errors regarding grievance procedures do not give rise to a stand-alone claim under § 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Therefore, Plaintiff fails to state a claim against Defendant Murphy for failing to investigate his grievances.

Accordingly, it is hereby

**ORDERED:**

Defendant Patrick Murphy's Dispositive Motion to Dismiss with prejudice (Doc. #53) is **GRANTED.** Patrick Murphy is hereby **DISMISSED** with prejudice from the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___22nd___ day of May, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
All Parties of Record
SA: FTMP-2