```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

KEITH WROMAS, JR.,

    Plaintiff,

v.                            Case No:  2:17-cv-155-FtM-99MRM

WILLIAM E. CRUZ, FNU MATTOX,
Sergeant, and P. MURPHY,
Warden,

    Defendants.

_____

## ORDER

This matter comes before the Court on Defendant Shawn Mattox's Motion to Dismiss (Doc. #45) filed on October 18, 2017. Plaintiff filed his response in opposition Mattox's motion (Doc. #49) on November 6, 2017. For the reasons set forth below the motion to dismiss is denied.

### I.

Plaintiff, an inmate at the Century Correctional Institution, in Century, Florida, initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants W. Cruz, Sergeant Mattox, Sergeant Stuber, and Officer Lopez (Doc. #1), filed March 20, 2017. The Court ordered Plaintiff to amend his complaint on June 13, 2017. Plaintiff filed his amended complaint (Doc. #15) on July 26, 2017, against Defendants W. Cruz and Sergeant Mattox. Plaintiff filed his

Second Amended Complaint (Doc. #38) against Defendants W. Cruz, Sergeant Mattox, and Patrick Murphy, Warden of the DeSoto Correctional Institution on October 2, 2107.

Plaintiff alleges the following: On December 31, 2015, between five and six in the evening, Plaintiff was handcuffed near the south side chow hall at DeSoto Correctional Institution. (Doc. #38 at 7). As Defendant Cruz was escorting Plaintiff from the Southside dining hall, Defendant Cruz began to "pull aggressively" on Plaintiff's right arm. Id. Defendant Cruz, with Defendant Mattox in tow, escorted Plaintiff around the chow hall door, and pushed him up against a concrete wall. Id. Defendant Cruz aggressively and deliberately pushed Plaintiff's face against the wall. Id. Plaintiff told Defendant Cruz "you just assaulted me." and Defendant Cruz said, "I'll show you assault." Id. Defendant Cruz picked Plaintiff up and slammed him onto his left shoulder. Id. He then put the entire weight of his knee in Plaintiff's back. Id. Plaintiff screamed out "I can't breathe." Id. Defendant Cruz remained there for twenty minutes until someone told him that the captain was coming. At that time, Defendant Cruz got up and two unknown officers switched positions with Defendant Cruz and escorted him to medical. Id.

Defendant Mattox just stood by and watched the attack and did not attempt to intervene, correct, or even report the attack. Id.

Defendant Maddox did not try to remove Defendant Cruz from Plaintiff's back. Id.

Plaintiff seeks $25,000.00 in damages from each defendant and $20,000.00 in punitive damages against Defendant Murphy for the deliberate indifference to the conduct of his employees.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

Plaintiff alleges Officer Mattox violated his Eighth Amendment right to be free from cruel and unusual punishment when he did not prevent Officer Cruz from using excessive force against him.

An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance. Hadley v Gutierrez, 526 F.3d 1324, 1330-31 (11th Cir. 2008). However, a constitutional violation for failure to intervene occurs only when a plaintiff establishes that: (1) the defendant had the time and the opportunity to intervene; and (2) the defendant should have reasonably known that the other officers' conduct was in violation of the plaintiff's constitutional rights.

See <u>Priester v. City of Riviera Beach, Fla.</u>, 208 F.3d 919 (2000) (affirming conviction of officer for failure to intervene where the officer "observed the entire attack and had the time and ability to intervene," and "excessive force . . . was such that every reasonable officer would have known that it was clearly in violation of the plaintiff's constitutional rights").

Taking Plaintiff's factual allegations as true, Defendant Maddox had sufficient time to intervene in Defendant Cruz's action. Plaintiff states that Defendant Cruz shoved him into the wall and then slammed him onto the floor in an aggressive manner. Plaintiff then states that Defendant Cruz sat on him for over twenty minutes while he complained to Defendant Cruz that he could not breathe. (Doc. #38 at 7). While Defendant Mattox may not have anticipated Officer Cruz's pushing Plaintiff into a wall and slamming him down on the floor, there was period of twenty minutes where Defendant Cruz sat on Plaintiff while Plaintiff complained that he could not breathe. Twenty minutes is more than sufficient time Defendant Mattox to intervene.

Again taking the facts as true, Defendant Mattox could have reasonably determined that sitting on an individual for twenty minutes after slamming him down on the floor could rise to the level of a constitutional violation as excessive force. Therefore, Defendant Mattox's failure to intervene could rise to

the level of a constitutional violation and the motion to dismiss is due to be denied.

Accordingly, it is hereby

**ORDERED:**

Defendant Shawn Mattox's Motion to Dismiss (Doc. #45) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __22nd__ day of May, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
SA: FTMP-2