UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEITH WROMAS, JR.,

    Plaintiff,

v.                           Case No: 2:17-cv-155-FtM-99MRM

WILLIAM E. CRUZ and FNU MATTOX, Sergeant,

    Defendants.

### ORDER

This matter comes before the Court on *Pro Se* Plaintiff's Motion for a Clerk's Default (Doc. 76) filed on May 4, 2018, and *Pro Se* Plaintiff's Motion for Default Judgment (Doc. 78) filed on May 4, 2018. On May 11, 2018, Counsel for Defendant William Cruz made a special appearance in response (Doc. 80) arguing the motions for default should be denied because Cruz was never served in this matter.

**I.**

On September 18, 2017, summons was returned unexecuted as to Defendant Cruz because he no longer worked at that facility.[1] (Doc. 27). The special appointee provided a forwarding address for

---

[1] The initial service attempts in this matter are unclear as the record indicates that the September 18, 2017 summons was served on the special appointee at DeSoto CI who returned service because Defendant Cruz no longer worked at that facility. The special appointee then gave DeSoto CI as the forwarding address for Defendant Cruz.

Defendant Cruz at DeSoto Correctional Institute (DeSoto CI). Service was executed on the special appointee at DeSoto CI on September 28, 2017. The special appointee returned service unexecuted because Defendant Cruz was no longer employed at DeSoto CI. (Doc. 36). No forwarding address was provided after the September 28, 2017 service. On October 12, 2017, the Department of Corrections (DOC) provided the Court with Defendant Cruz's current address. (Doc. 41). However, there is no entry on the docket sheet showing that Defendant Cruz was ever served with Plaintiff's complaint.

**II.**

Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. ONPOWER, Inc. v. United Power Line Contractors, LLC, No. 2:15-cv-796-FTM-99MRM, 2016 WL 9049315, at *1 (M.D. Fla. Mar. 14, 2016) (citing Chambers v. Halsted Fin. Servs., LLC, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014)). Plaintiff has the burden of establishing effective service of process. See Zamperla, Inc. v. S.B.F. S.R.L, 2014 WL 1400641, at *1 (M.D. Fla. Apr. 10, 2014).

**III.**

Defendant Cruz argues the motions for default should be denied and the case against him should be dismissed in accordance with Fed. R. Civ. 4(m) because he has not been served. Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. Those Certain Underwriters at Lloyd's, London v. Gone Country Motor Sports, Inc., No. 2:15-CV-669-FTM-38CM, 2016 WL 3344846, at *1 (M.D. Fla. June 15, 2016) (citing United States v. Donald, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009). Plaintiff's Motion for a clerk's default is denied because the record shows that Defendant Cruz has never been served.

Moreover, a default judgment under Fed. R. Civ. P. 55(b) may not be entered if a clerk's default has not first been entered.

Brantley v. Drug Enf't Admin., No. 2:12-CV-361-FTM-99, 2012 WL 6015591, at *1 (M.D. Fla. Dec. 3, 2012) (citing ABS–SOS Plus Partners Ltd. v. Vein Assocs. of Am., Inc., WL 5191701 * 1–2 (M.D. Fla. Dec. 10, 2008) (holding that a district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2)).  The Court notes that a clerk's default has not been entered against Defendant Cruz nor has he been properly served.  Therefore, a default judgment would be improper at this time. Brantley v. DEA, 2012 WL 6015591 *1 (M.D. Fla. Dec. 3, 2012).

While Defendant Cruz moves the Court to dismiss the claims against him for lack of service, circumstances exist beyond Plaintiff's control that prevented Defendant Cruz from being served.  Under Fed. R. Civ. P. 4(m) the Court at its discretion can extend time for service even if there is not good cause to do so. Horenkamp v. Van Winkle & Co., Inc., 402 F. 3d 1129, 1131-32 (11th Cir. 2005).  Consequently, since circumstances beyond Plaintiff's control prevented service on Defendant Cruz, the Court will allow additional time to effectuate service against Cruz.

Accordingly, it is hereby

**ORDERED:**

(1) Pro Se Plaintiff's Motion for a Clerk's Default (Doc. #76) is **DENIED.**

(2) Pro se Plaintiff's Motion for Default Judgment (Doc. #78) is **DENIED**.

(3) To expedite service, the **Clerk of Court** is directed to complete the necessary forms to effectuate service upon Defendant Cruz. Within **THIRTY (30) DAYS** from the date on this Order, the United States Marshal shall mail one copy of the Civil Rights Complaint, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, and one copy of this order to Defendant William Cruz at his forwarding address. The Marshal shall fill in the date of mailing in the blanks at the end of the Notice of Lawsuit and Request for Waiver of Service of Summons that reads: "I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of _____." The Marshal shall send Defendant a stamped, self-addressed envelope for returning the Waiver of Service of Summons to the Court. All costs of mailing shall be advanced by the United States

(4) Defendant shall have **THIRTY (30) DAYS** from the date that the Waiver of Service of Summons was sent to return the Waiver of Service of Summons. If Defendant chooses to return the Waiver of Service of Summons, he should use the addressed, stamped envelope provided.

(5) If Defendant returns the Waiver of Service of Summons, he has **SIXTY (60) DAYS** from the date that the Waiver of Service of Summons was sent to answer or otherwise respond to the complaint.

(6) If Defendant does not return the Waiver of Service of Summons, the Marshal will be directed by separate order to personally serve him and charge the defendant for the costs of service. Then, defendant shall then have only **TWENTY (20) DAYS** from the date of service of process to answer or otherwise respond to the complaint.

**DONE and ORDERED** at Fort Myers, Florida, this ___31st___ day of May, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
SA: FTMP-2